UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

QUESTECH FINANCIAL, LLC,
                    *Plaintiff-Appellant,*

v.

ASHWIN TRIVEDI; MEENA TRIVEDI,
                    *Defendants-Appellees,*          No. 03-2444

and

SHREE HARIJI, INCORPORATED; AMMA,
INCORPORATED,

                    *Defendants.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CA-03-470)

Submitted: June 30, 2004

Decided: July 27, 2004

Before MOTZ and KING, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

---

Vacated and remanded with instructions by unpublished per curiam
opinion.

---

### COUNSEL

Christopher Todd McGee, TAVENNER & BERAN, P.L.C., Richmond, Virginia, for Appellant. Ashwin Trivedi, Meena Trivedi, Appellees Pro Se.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Questech Financial, LLC, appeals from the district court's orders granting partial default judgment in its favor and denying its motion to alter or amend the judgment. For the reasons that follow, we vacate the district court's orders and remand with instructions to enter judgment including the default interest rate of 18 percent as stated in the loan agreement entered into by the parties.

In August 2002, Questech loaned $646,000 to Shree Hariji, Inc., Amma, Inc., Ashwin Trivedi, and Meena Trivedi (the "Borrowers"). The Progress Funding Rider ("Rider") attached to the Note and Security Agreement ("Agreement") provided for interest at the rate of 12.75 per cent per annum. The Rider also provided that, in the event of default by the Borrowers, interest at the rate of 18 percent per annum would accrue on any unpaid principal amount due and owing at the time of default until paid in full. The Borrowers defaulted on the loan in March 2003 and Questech filed the underlying suit in district court on May 30, 2003. The Borrowers failed to respond to the complaint and Questech subsequently filed a motion for default judgment. At a hearing on the default judgment motion, Questech stated that it sought accrued interest of $6,210.96, as well as default interest, pursuant to the terms of the loan agreement, in the amount of $70,728.94. At the conclusion of the hearing, during which Questech's attorney stated—erroneously—that Questech sought total interest at the rate of 30 percent, the district court granted Questech's motion for default judgment but refused to provide any default interest. Questech's motion to alter or amend the judgment to add the default interest was also denied. Questech noted a timely appeal.*

---

*Shree Hariji, Inc., and Amma, Inc., have filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code; therefore, the action is stayed against these two Defendants pursuant to 11 U.S.C. § 362 (2000).

The Agreement provides that Connecticut law applies. *See Mastro-buono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52 (1995) (upholding a choice-of-law provision and arbitration clause in a form customer agreement); *see also Barnes Group, Inc. v. C&C Prods., Inc.*, 716 F.2d 1023, 1029 n.10 (4th Cir. 1983) (noting that "parties enjoy full autonomy to choose controlling law with regard to matters within their contractual capacity," citing Restatement (Second) of Conflicts § 187(1) (1971)).

The Rider provides for a default interest rate of 18 percent. The district court's refusal to recognize this part of the contract constituted an impermissible revision of the contract. *See Guaranty Bank and Trust Co. v. Dowling*, 494 A.2d 1216 (Conn. App. Ct. 1985). In that case, the Connecticut appellate court found that the trial court erred in failing to award default interest or attorney's fees, as provided for in the contract, noting:

> Whether interest is a proper element of damages is primarily an equitable determination and is a matter which lies within the discretion of the trial court . . . . Where, on the other hand, the parties have expressly contracted for the payment of interest, the court does not have this latitude. Where the payment of interest is contractually agreed upon, interest is recoverable.

*Id.* at 1221. *See also Federal Deposit Ins. Corp. v. Napert-Boyer*, 671 A.2d 1303 (Conn. App. Ct. 1996) (recognizing validity of default interest rate agreed to by the parties but disallowing late fees in addition to the default interest). Because the Rider expressly provides for a special default interest rate, the district court erred in refusing to apply its terms.

At the hearing on the default judgment motion, Questech's attorney argued that the default interest was *in addition* to the 12.75 percent interest, resulting in a total effective interest rate of 30 percent. However, a review of Questech's interest calculation submitted with its supplemental affidavit in support of the default judgment motion reveals that Questech did not calculate the interest at 30 percent. Rather, interest claimed was as follows: $6,210.96 for interest accruing prior to default, for the month of February 2003, at 12.75 percent;

plus $70,728.94 for interest on the outstanding principal accruing after default and up to the date of judgment, at 18 percent.

The district court denied Questech's request for default interest because it believed that a 30 percent interest rate was usurious. While we express no opinion as to whether such an interest rate would violate Connecticut's usury laws, we find that the 18 percent interest rate in this case does not violate the Connecticut usury statute. *See* Conn. Gen. Stat. § 37-9(4) (exempting from usury statute business loans in excess of $10,000).

We therefore vacate the district court's orders and remand with instructions to enter judgment including the default interest as provided in the Rider. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*VACATED AND REMANDED WITH INSTRUCTIONS*